FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 27 PM 4:04

CLERK C Adlany
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HORACE CARL ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-143 |
| | ) | |
| JOSE MORALES, Warden, et al.,[1,2] | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's "Motion to Dismiss Petition for Lack of Exhaustion." (Doc. no. 6.) Petitioner opposes the motion. (Doc. no. 13.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **GRANTED** and that this case be **DISMISSED** without prejudice and **CLOSED**.

---

[1] Petitioner named Gregory McLaughlin, the Warden of Macon State Prison, as a Respondent in this case. However, since filing the instant petition, Petitioner has been transferred from Macon State Prison to Johnson State Prison ("JSP"). (Doc. no. 14.) Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that the state officer who has custody of the petitioner should be named as the respondent when the petitioner is in custody under a state-court judgment at the time of filing the petition. Therefore, Jose Morales is substituted as the Respondent in this case. The **CLERK** is **DIRECTED** to modify the docket accordingly.

[2] Although the Court notes that there are two Respondents listed on the docket in this case, only Respondent Morales, the proper Respondent by virtue of his status as Petitioner's custodian (see supra note 1), has responded to the instant petition. For ease of reference, the Court will refer to "Respondent" throughout the Report and Recommendation.

## I. BACKGROUND

In the instant case Petitioner is challenging two February 21, 2005 Burke County Superior Court convictions. (Doc. no. 1, p. 3.) After a jury trial, Petitioner was convicted of one count of rape and one count of kidnapping, and was sentenced to "life plus 20 years." (Id. at 4.) Petitioner has asserted three grounds for relief in the instant petition. In Ground One, he argues that the State violated his due process rights because there has been an inordinate delay in adjudicating his "direct appeal" of his conviction; in Ground Two, he argues that the inordinate delay on his motions has denied him access to the courts, resulting in an alleged violation of his rights under the Sixth and Fourteenth Amendments; in Ground Three, he argues that the State has failed to hold a hearing on his motion for a new trial, resulting in an alleged violation of his right to due process under the Fifth and Fourteenth Amendments. (See doc. no. 1, p. 7.)

Petitioner states that he was represented by Clayton Jolly, II, Esquire, during his trial. (Doc. no. 7, p. 2.) Petitioner indicates that he appealed his conviction (doc. no. 1, p. 4; see also doc. no. 9-1, p. 3), and he recounts that within 30 days of sentencing, Mr. Jolly filed a motion for a new trial on Petitioner's behalf – a motion that, nearly six years later, is still apparently awaiting resolution (doc. no. 7, p. 2). Petitioner avers that Mr. Jolly failed in his duty to ensure the motion for a new trial was resolved and that, as a result, Petitioner filed a claim of ineffective assistance of counsel against Mr. Jolly on May 18, 2005.[3] (Id.) He avers that this claim, too, is still pending. (Id. at 7.) After the Superior Court granted Mr. Jolly's request to be removed as counsel, it appointed Susan A. Welch as replacement counsel around February

---

[3] It appears from the record that Petitioner also filed a second motion for new trial on May 18, 2005. (See doc. no. 9-1, p. 2.)

2

2006. (Id. at 2.) After Ms. Welch requested to be removed as counsel around June 2006, Petitioner explains that the court appointed another attorney, Barbara B. Claridge, around October 2006. (Id.) Although the record is somewhat unclear, Petitioner appears to allege that Ms. Claridge has failed to perfect the Petitioner's motion for new trial, and that he is currently proceeding *pro se*. (See id. at 3-5.)

The Court notes that this is not the first time it has considered a habeas petition from Petitioner. On August 19, 2005, Petitioner filed a habeas petition challenging the same Burke County Superior Court convictions. Roberts v. Hall, CV 105-130, doc. no. 1 (S.D. Ga. Aug. 19, 2005). The Court at that time recommended dismissal of the petition without prejudice as unexhausted, explaining that Petitioner had the option of filing a state habeas petition, and the Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. Roberts, doc. nos. 3 & 5.

Following the filing of the petition in this case, the Court issued an Order granting Petitioner's request to proceed *in forma pauperis* and requiring that Respondent answer the allegations in the instant petition; in that Order, the Court observed that the petition appeared to be unexhausted. (Doc. no. 4, p. 2, n. 1.) However, the Court explicitly noted Petitioner's allegations regarding the long pendency of his motion for a new trial, and allowed the case to proceed under the presumption that "Respondent[ ] [would] specifically address this issue, including its implications for the exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996." (Id.)

In his answer, Respondent denies that Petitioner's constitutional rights have been violated. (Doc. no. 5, p. 1.) Respondent also filed the instant motion, in which he asks the Court to dismiss the petition for failure to exhaust state remedies. (Doc. no. 6.) In his brief

3

in support of that motion, Respondent acknowledges that Petitioner filed motions for a new trial on May 3, 2005 and May 18, 2005, and that to the best of his knowledge, "there has been no hearing or order on the motion[s] for new trial" since then. (Doc. no. 6-1, p. 1.) Nevertheless, Respondent argues that even if Petitioner has suffered an inordinate delay in the appellate process, he should not be excused from the exhaustion requirement because he still has the remedy of a state habeas corpus action. (Id. at 2.) In his response to Respondent's motion to dismiss, Petitioner argues that requiring him to exhaust by filing a state habeas petition "would be an exercise in futility" because he is procedurally barred from pursuing that option; he also contends that the long delay in the resolution of his motion is a violation of his due process rights, and should excuse him from the exhaustion requirement. (Doc. no. 13, p. 1.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489

U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the State has not opted out of this requirement.[4] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of

---

[4]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

5

exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the State, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[5]

---

[5] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the State no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

6

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[6]

In the case at bar, Petitioner admits that he has not exhausted his state court remedies, but he argues that filing a state habeas petition would be futile because of an alleged procedural bar. (Doc. no. 13, p. 1.) Furthermore, Petitioner argues that the exhaustion requirement should be excused because of the significant delay in the trial court's resolution of his motions for a new trial. (Doc. no. 7, p. 11.) Respondent contends that even if Petitioner has suffered an inordinate delay, he nevertheless has not exhausted his state remedies because he may bring his claims of appellate delay in a state habeas petition. (Doc. no. 6-1, p. 2 (citing Chatman v. Mancill, 626 S.E.2d 102 (Ga. 2006) for the argument that the state courts are not hostile to claims of appellate delay). Although the Court certainly does not condone a delay of over six years in the resolution of Petitioner's motion for new trial, the fact remains that Petitioner still has available state remedies that he has not yet exhausted.[7]

---

[6]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

[7]The Court is troubled that this is not the first time that it has received a § 2254 petition alleging inordinate delay in post-trial proceedings. See Sloan v. Chapman, CV 110-096, doc. no. 1 (S.D. Ga. July 8, 2010); Wilkes v. Kemp, CV 109-149, doc. no. 1 (S.D. Ga. Nov. 30, 2009); Cail v. Smith, CV 605-041, doc. no. 1 (S.D. Ga. May 10, 2005).

As the Court explained in its earlier 2005 Report and Recommendation, Petitioner has not availed himself of filing a state habeas corpus petition. Indeed, it appears that Petitioner also has the option of seeking a writ of mandamus against the trial court, ordering it to decide his pending motion for new trial. See O.C.G.A. § 9-6-20; Cobble v. Upton, No. 5:07-cv-41, 2008 WL 731106, at *2 (M.D. Ga. Mar. 17, 2008) (dismissing a § 2254 petition seeking relief from excessive delay in petitioner's appeal of his conviction as unexhausted where petitioner could still seek writ of mandamus); see also Bynum v. State, 658 S.E.2d 196, 198 (Ga. App. 2008) (explaining that petitioner appealing the denial of his pro se motion to appoint new appellate counsel could seek writ of mandamus to order public defender's office to grant requested relief).

Petitioner asserts, however, that he is procedurally barred from seeking habeas relief in state court. (Doc. no. 13, p. 1.) The Court is mindful that a state court may dismiss a habeas petition as premature where a petitioner's conviction is not yet final.[8] See Horton v. Wilkes, 302 S.E.2d 94, 96 (Ga. 1983) ("[A] person imprisoned by virtue of a sentence of a state court of record cannot institute a petition for habeas corpus until the conviction is final."). Yet courts in this state have been willing to entertain a habeas petition, even when the petitioner's conviction is not yet final, where the habeas petition raises issues relating exclusively to the constitutional violations arising from appellate delay. See Little v. Hopper,

---

[8] A conviction becomes final for purposes of habeas review when all direct appeals have been completed, or when the time for seeking further direct review has expired. Clay v. United States, 537 U.S. 522, 525 (2003). In this case, Petitioner's motion for new trial tolls the time period for filing a notice of appeal, as a notice of appeal must be filed "within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." O.C.G.A. § 5-6-38(a). Thus, Petitioner's convictions will not be "final" until he has had the opportunity to pursue his direct appeals, or the time for seeking direct review expires.

8

223 S.E.2d 667, 668 (Ga. 1976) (directing trial court to rule on state habeas petitioner's motion for new trial that had languished for three years). Here, like the petitioner in Little, Petitioner has alleged constitutional violations arising from the inordinate delay in his appellate proceedings. Moreover, as noted above, it appears that Petitioner still has the option of pursuing a writ of mandamus. See Cobble, 2008 WL 731106, at *2.

Petitioner's assertion that the long delay in the resolution of his motion for a new trial violated his due process rights is insufficient to justify setting aside the exhaustion requirement here. (Doc. no. 7, p. 13.) It is true that this Court has on previous occasions recommended that habeas petitioners be excused from the exhaustion requirement where they have experienced inordinate delay in their appellate proceedings. See Cail v. Smith, CV 605-041, doc. no. 14 (S.D. Ga. Jan. 12, 2006) (exhaustion excused after delay of over nine years in appellate proceedings) *adopted as opinion of District Court at* doc. no. 17.[9] Notably, however, the petitioner in Cail had pursued the remedy of state habeas relief prior to submitting their § 2254 habeas petitions; here, however, Petitioner has not. In other words, Petitioner has still not given the state courts a "full opportunity" to address his grievances. O'Sullivan, 526 U.S.

---

[9]Indeed, in Cail, the District Court ultimately granted the petitioner's § 2254 petition, and held that in the habeas corpus context, the proper relief for such a due process violation would be to order the state court either to release the petitioner from confinement or to adjudicate the motion for a new trial within a specified time period. Cail, CV 605-041, doc. no. 26, p. 9 (S.D. Ga. Dec. 6, 2006) ("The usual disposition of a meritorious habeas petition based on a delayed appeal is to grant an alternative writ that orders the state either to prosecute the appeal within a specified reasonable period of time, or to release the petitioner." (quoting Simmons v. Reynolds, 898 F.2d 865, 869 (2d Cir. 1990)), *adopted as opinion of District Court at* doc. no. 28 (directing state court to decide motion for new trial within 10 days or to release the petitioner from custody) (Edenfield, J.).

at 845. In short, Petitioner has not exhausted his state remedies as AEDPA requires.[10]

Accordingly, Respondent's motion to dismiss for lack of exhaustion should be **GRANTED**.

**III. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for lack of exhaustion be be **GRANTED** and that this case be **DISMISSED** without prejudice and **CLOSED**. (Doc. no. 6.)

SO REPORTED and RECOMMENDED this 27th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10] Although the Court is recommending dismissal of the instant petition for lack of exhaustion, there comes a time when delay itself becomes a denial of due process. The Court cautions Respondent that the Court will not hesitate to revisit this issue should Petitioner, after properly exhausting his state remedies, re-file a federal habeas petition in the future.